Ann Downey Morgan and J.T. Morgan were divorced in the Circuit. Court of Jefferson County on April 29, 1980. The defendant was required to pay plaintiff $400,000 in payment for her transfer of jointly held properties acquired during the marriage. This sum was to be paid in increments of $40,000; the first to be paid on or before June 1, 1980, and $40,000 on June 1 of each year thereafter until paid in full.
Defendant was also required to pay plaintiff's attorney the sum of $30,500 in attorney fees and, additionally, plaintiff was awarded $1,500 per month in alimony.
Plaintiff appealed the divorce decree to the court of civil appeals on August 7, 1980. Defendant did not file a cross-appeal. On May 6, 1981 this court affirmed the lower court's decree and on June 10, 1981 denied plaintiff's motion for rehearing. *Page 299 
Plaintiff then filed a petition for writ of certiorari in the Supreme Court of Alabama which was denied on August 28, 1981.
Pending the appeal to the court of civil appeals and to the Supreme Court of Alabama, the defendant continued to pay alimony in the amount of $1,500 per month as provided in the final judgment of divorce. Defendant, however, did not pay the $40,000 installments due on June 1, 1980 and June 1, 1981, or the attorney's fees. Neither plaintiff nor defendant sought a stay of the trial court's order or filed a supersedeas bond. After the supreme court denied the petition for writ of certiorari, the defendant on November 25, 1981 paid the sum of $80,000 to plaintiff and in addition paid the sum of $30,500 as attorney's fees. The defendant did not pay any interest on these sums.
In the present case the ex-wife filed a complaint for declaratory judgment asking the court to decide whether the final judgment of divorce of April 29, 1980 was a final judgment upon which interest accrued pursuant to Alabama law. The ex-wife also requested the court to decide whether her appeal of the April 29, 1980 judgment would stay the accrual of interest on the $400,000 judgment and the $30,500 attorney's fees. The ex-husband filed a motion for summary judgment which was granted by the Jefferson County Circuit Court on February 28, 1983.
The first issue argued by plaintiff is whether the $400,000 awarded to her as a property settlement is such a final judgment as will support the accrual of interest; and if so, does interest accrue on the $400,000 judgment from the date of its entry, i.e. April 29, 1980, or does interest accrue only on each $40,000 installment which is due and unpaid.
We consider that the divorce decree, making the various awards to the parties, was a "final" decree and would support an appeal. See Jewell v. Jackson Whitsitt Cotton Co.,331 So.2d 623 (Ala. 1976). We find also that, once due, each $40,000 installment is a "final" judgment which will accrue interest so long as it is unpaid. See Martin v. Martin,350 P.2d 270 (Okla. 1960). See generally Annot., 33 A.L.R.2d 1455 (1954). Accordingly, the trial court erred in refusing to award any interest to plaintiff. However, interest is to be calculated only on each $40,000 installment which remains unpaid after its due date, not on the entire $400,000 from the date of its entry.
The rationale for this conclusion is that in a divorce case where one party is awarded a money judgment in lieu of a property settlement there is no previously existing obligation or liability. The obligation or debt is created or fixed by such judgment. Martin v. Martin, supra. In the case at bar the judgment fixed the obligation at $400,000 but specified that it was to be paid in ten yearly installments of $40,000. In other words the trial court fixed the total amount of the obligation at $400,000 but specified that it was to be paid over a ten year period. Consequently, the method of payment is just as important as the total amount to be paid. So long as defendant pays the $40,000 yearly installments as they come due, he is in compliance with the judgment of the trial court and no interest would be due. However, if one of the yearly installments is not paid when due, interest would accrue from its due date and until paid.
In reply, defendant says that interest could not accrue on the unpaid $40,000 installments because plaintiff was unsuccessful in her appeal of the divorce decree. Whether a party to a divorce action who unsuccessfully appeals a "favorable" judgment on the ground of its inadequacy is entitled to demand interest which would otherwise have accrued during the pendency of the appeal is a matter of first impression in this state. An annotation on this subject may be found at 15 A.L.R.3d 411 (1967). It provides that the authorities are split but that the majority of the jurisdictions deny interest in such a situation.
After carefully studying this annotation, the authorities cited by counsel, and other authority, we conclude that plaintiff *Page 300 
is entitled to interest even though her appeal was unsuccessful. Rule 37, Alabama Rules of Appellate Procedure, which governs this case, is patterned after Rule 37, Federal Rules of Appellate Procedure, which has been interpreted to require interest. See Kotsopoulos v. Asturia Shipping Co.,S.A., 467 F.2d 91 (2d Cir. 1972). The same result has been reached in other states with comparable statutes. See, e.g.,Woodmont, Inc. v. Daniels, 290 F.2d 186 (10th Cir. 1961) (applying Utah law); Henley v. Mabry, 125 Ga. App. 293,187 S.E.2d 309 (1972); Phillips v. Mills, 14 Md. App. 272,286 A.2d 798 (1972). Finally, even if rule 37 was not compelling, we find the so-called minority view to be the better view. As pointed out in Kotsopoulos, because of the modern civil procedure rules and the availability of tender, much of the rationale behind the so-called majority view is no longer valid. 467 F.2d at 94.
The rate of interest chargeable on these installments, however, will vary. The installments due on June 1, 1980 and June 1, 1981 shall accrue interest at a rate of six percent pursuant to section 8-8-1, Code 1975, from the date they were due (June 1, 1980 and June 1, 1981 respectively) until November 13, 1981; whereas from November 13, 1981 to November 25, 1981, the date both installments were paid, these sums will accrue interest at a rate of twelve percent pursuant to section 8-8-10
Code 1975, as amended. This section's amendment was effective November 13, 1981, hence the new interest rate provided in this section must be applied after this date. It is settled in Alabama that statutes will not be construed to have retrospective effect unless the language of the statute expressly indicates the legislature so intended. Street v. Cityof Anniston, 381 So.2d 26 (Ala. 1980). Therefore, the twelve percent rate shall not be applied retrospectively.
Plaintiff further contends that the $30,500 attorney's fee is a judgment that bears interest at the legal rate until paid. In Alabama the court has the power to award an attorney's fee as an integral part of the allowance for maintenance of the wife in a suit for divorce. Hodson v. Hodson, 276 Ala. 227,160 So.2d 637 (1964). This practice derives from the husband's duty to support the wife. Hodson v. Hodson, supra. Additionally, Alabama courts have held that there is no authority in this state to include attorney's fees in costs. Mass. AppraisalServices, Inc. v. Carmichael, 372 So.2d 850 (Ala. 1979). Accordingly, the award of attorney's fees must be considered a judgment or order of the court and will fall under the purview of section 8-8-10, Code 1975. The interest, consequently, will accrue at the legal rate of six percent as required by from the date of entry of the judgment on April 29, 1980 until November 13, 1981. As stated previously this statute was amended to increase the legal interest rate on judgments to twelve percent effective November 13, 1981. As a result, the attorney's fees in the present case will accrue interest at the rate of twelve percent from November 13, 1981 to November 25, 1981 when paid.
The summary judgment granted in favor of defendant is reversed and the cause is remanded for entry of a judgment in favor of plaintiff consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.