In May 1991 Celeste Hice filed suit against Michelle Driver, seeking to recover money damages for the alleged conversion of personal property belonging to Hice. After an ore tenus proceeding, the trial court entered a judgment for Hice and ordered Driver to pay damages in the amount of $8,325. Driver, who proceeds pro se, appeals. We affirm.
The substance of Driver's argument in her brief as to several assignments of error is that the trial court's judgment was contrary to the evidence and the law. We shall consider them as one issue.
It is well settled that in order for there to be a conversion, there must be a wrongful taking or detention, or an illegal assumption of ownership or use, of another's property.Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640
(Ala. 1985). Ordinarily, where a taker acquires possession of the property rightfully and has neither asserted legal title to it nor exercised dominion over it inconsistent with the rights of the owner, a demand and refusal to deliver the property are necessary. Southeastern Machinery Equipment Co. v. Tarpley,398 So.2d 700 (Ala.Civ.App. 1981).
At trial Hice testified that on or about June 30, 1990, she and Driver entered into an oral agreement whereby Driver agreed *Page 131 
to sell on consignment the inventory from Hice's antique business, which Hice was then in the process of closing. According to Hice, Driver had indicated that it was her intention to start her own antique business. Hice stated that Driver took possession of the consigned items on the day the agreement was reached, picking them up at Hice's store.
Hice contended that by the time of the April 1992 trial, Driver had paid her approximately $900 in proceeds from the sale of some of the items, but that Driver had failed to render an accounting for various consigned items of antique furniture and collectible glassware with a total fair market value, according to Hice, of approximately $7,500. Hice stated that prior to filing suit, she made several demands upon Driver either to return the furniture and glassware or to pay over any proceeds from their sale, but that Driver had refused.
For her part, Driver denied all material elements of Hice's testimony. She denied the existence of any agreement, oral or written, to sell inventory from Hice's antique business, denied receiving any items on consignment from Hice, and denied ever having possession of (or even having seen) the contested items of furniture and glassware.
While acknowledging that she had owned her own antique shop several years ago, Driver maintained that she was not currently in the business of selling antiques. She stated, however, that she was an "antique fanatic" and that she frequently made purchases at auctions and antique sales. She testified that she bought some items from Hice's antique store on June 30, 1990, but asserted that any other items in her possession that might have once belonged to Hice were purchased from Hice at another store on another date. When questioned on cross-examination concerning certain items she sold at a garage sale in February 1991, Driver maintained that they had either been purchased from Hice or were gifts that she had received from her grandmother. According to Driver, Hice had never contacted her with regard to the items of furniture and glassware allegedly consigned to her.
In ore tenus proceedings the trial court is the sole judge of the facts and of the credibility of witnesses. Brown v. Brown,586 So.2d 919 (Ala.Civ.App. 1991). Here, in view of the final judgment, the trial court apparently found Hice's testimony believable and Driver's testimony less so. The trial court heard the witnesses testify. Therefore, its findings are presumed to be correct, and we are required to review the evidence in a light most favorable to the prevailing party.Barnes v. Barnhart, 420 So.2d 282 (Ala.Civ.App. 1982).
In viewing the record with the attendant presumption accorded to the trial court's judgment, we find the evidence to be supportive of the following: Although Driver originally obtained the rightful possession of Hice's personal property by the terms of the alleged consignment, a demand was made upon Driver for this property, and Driver wrongfully refused to return the property to Hice or to pay Hice the proceeds from any sale thereof. Such refusal after demand constituted a tortious conversion. Russell-Vaughn Ford, Inc. v. Rouse,281 Ala. 567, 206 So.2d 371 (1968). Further, we find that the evidence was also sufficient for the trial court to infer Driver's exercise of dominion over Hice's property in exclusion or defiance of Hice's rights, making a demand unnecessary.Barnes, 420 So.2d 282.
The essence of conversion is the wrongful exercise of dominion over property in exclusion or defiance of a plaintiff's rights, when the plaintiff has a general or special title to the property or the immediate right of possession.McCain v. P.A. Partners Ltd., 445 So.2d 271 (Ala. 1984).
In her complaint, Hice asked for the fair market value of the items of antique furniture and glassware, whose value she estimated at trial to be approximately $7,500. Hice also sought damages of $15,000 for "fraud conversion."
The measure of compensatory damages in cases of conversion is the value *Page 132 
of the property at the time of conversion, plus interest.Progressive Finance Co. v. Milner, 45 Ala. App. 684,236 So.2d 349 (Ala.Civ.App. 1970). Further, even though not specifically sought in a complaint, punitive damages may be awarded in a conversion action when the evidence discloses legal malice, willfulness, insult, or other aggravated circumstances. EmpireGas, Inc. v. Cartwright, 595 So.2d 1348 (Ala. 1992); CarolinaCasualty Ins. Co. v. Tisdale, 46 Ala. App. 50, 237 So.2d 855
(Ala.Civ.App. 1970). In the presence of such evidence, punitive damages are for the discretion of the trier of fact.Carolina Casualty, 46 Ala. App. 50, 237 So.2d 855.
On review, this court may not reverse unless the trial court's holding was either palpably wrong, or was without supporting evidence, or was manifestly unjust. Barnes,420 So.2d 282.
We find the evidence sufficient to qualify Hice to give her opinion as to the value of the converted property. Further, in view of Driver's alleged actions, the trial court's award of $8,325 to Hice was supported by the evidence. The trial court's judgment was not palpably wrong. Neither was it unjust.
Although Driver has raised the affirmative defense of the Statute of Frauds, that defense is clearly inapplicable under the facts because, inter alia, Hice's claim for recovery lay in tort and she was not seeking to recover under a contract. We pretermit discussion of those issues and arguments in Driver's brief which are unsupported by citation to the record or to any legal authority. Rule 28, Alabama Rules of Appellate Procedure.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.