This is a divorce case. Willie L. Diggs ("the husband") appeals the divorce judgment insofar as it awarded him, in lieu of an interest in the marital residence, $20,000 to be paid by Queen Amos Diggs ("the wife") within 24 months from December 2, 2003, the date of the divorce judgment, with interest of 5% per annum. We affirm.
The trial court received the evidence ore tenus and made no specific findings of fact. Therefore, we must "`assume that the trial judge made those findings necessary to support the judgment,'" Architectura, Inc. v. Miller, 769 So.2d 330, 332
(Ala.Civ.App. 2000) (quoting Transamerica Commercial Fin. Corp.v. AmSouth Bank, N.A., 608 So.2d 375, 378 (Ala. 1992)), and we must view "`the evidence in a light most favorable to the prevailing part[y].'" Architectura, supra (quoting Driver v.Hice, 618 So.2d 129, 131 (Ala.Civ.App. 1993)).
Viewed in the light most favorable to the wife, the evidence established the following facts. The husband and the wife, who are both 54 years old, married in 1994 and separated in 2002. No children were born of the marriage. The wife works as a civilian employee for the Army at Fort Rucker and earns approximately $70,000 per year. The husband is unemployed due to an on-the-job injury and receives workers' *Page 1276 
compensation benefits in the amount of $2,600 per month.
When the parties married, the husband lived in Maryland, and he continued to spend a substantial amount of time in Maryland throughout the marriage. The husband's long absences and arguments between the husband and the wife caused the breakdown of the marriage, although the wife admitted that she had hit the husband on occasion.
The husband and the wife bought the marital residence in January 1992, two years before they married, for $85,000. The husband and the wife paid the sellers $25,549.81 for the sellers' equity in the residence and assumed the sellers' mortgage, which had a principal balance of $59,450.19. The husband provided the $25,549.81 to pay the sellers for their equity. In December 1992, the wife refinanced. Borrowing $88,200.01, she paid off the existing mortgage and received $23,142.69 in cash. To repay the husband for the $25,549.81 he had provided to pay the sellers for their equity, the wife paid to the husband or his creditor a total of $20,450 and conveyed another house to him. The wife has made all of the mortgage payments on the marital residence since 1993, and the husband has paid all of the utilities on the marital residence since 1996. The husband and the wife each contributed to making repairs to the marital residence. The unpaid principal of the mortgage on the marital residence was approximately $15,000 when the case was tried.
The tax assessor appraised the value of the marital residence at $87,200 in 1992, the year the husband and the wife purchased it for $85,000. The tax assessor appraised the value of the marital residence at $118,300 in 2002, the year the husband and the wife separated. The husband testified that, in his opinion, the marital residence could be sold for between $140,000 and $160,000. The husband asked the trial court to award him $30,000 in lieu of an interest in the marital residence. During the marriage, the husband acquired securities that had a total value of $165,702.38 when the case was tried.
The major marital assets consisted of the marital residence and the securities.[1] The divorce judgment awarded the marital residence to the wife, awarded the husband $20,000 in lieu of an interest in the marital residence, and ordered the wife to pay the $20,000 within 24 months, with interest of 5% per annum. The divorce judgment awarded the husband all of the securities. The divorce judgment divided the other marital assets between the husband and the wife. The divorce judgment did not award either party periodic alimony.
The husband first argues that the division of marital property was inequitable because the divorce judgment awarded him only $20,000 in lieu of an interest in the marital residence. Specifically, the husband argues that the award of only $20,000 indicates that the trial court erroneously valued the marital residence at $118,300 on the basis of the 2002 tax assessment instead of valuing it at $140,000 to $160,000 on the basis of his opinion testimony regarding its fair market value.
 "A property division does not have to be equal in order to be equitable based on the particular facts of each case; a determination of what is equitable rests within the sound discretion of the trial court. See Golden v. Golden, 681 So.2d 605 (Ala.Civ.App. 1996). *Page 1277 
 "When dividing marital property and determining a party's need for alimony, a trial court should consider several factors, including `"the length of the marriage, the age and health of the parties, the future employment prospects of the parties, the source, value, and type of property owned, and the standard of living to which the parties have become accustomed during the marriage."' Ex parte Elliott, 782 So.2d 308 (Ala. 2000) (quoting Nowell v. Nowell, 474 So.2d 1128, 1129 (Ala.Civ.App. 1985)) (footnote omitted). In addition, the trial court may also consider the conduct of the parties with regard to the breakdown of the marriage, even where the parties are divorced on the basis of incompatibility, or where . . . the trial court fail[s] to specify the grounds upon which it based its divorce judgment. Ex parte Drummond, 785 So.2d 358 (Ala. 2000); Myrick v. Myrick, 714 So.2d 311 (Ala.Civ.App. 1998). . . ."
Baggett v. Baggett, 855 So.2d 556, 559 (Ala.Civ.App. 2003).
The divorce judgment neither states that the trial court valued the marital residence at $118,300 nor states that the trial court valued the marital residence on the basis of the 2002 tax assessment. Moreover, because the divorce judgment awarded the husband all of the securities, we cannot hold, given the facts of this case, that the trial court's property division was inequitable. Regardless of whether the trial court valued the marital residence at $118,300, $140,000, or $160,000, the trial court awarded the husband the equivalent of $20,000 of equity in the marital residence plus $165,702.38 in securities. Thus, the trial court awarded the husband a total of $185,702.38 in major marital assets or their equivalent. However, the only major marital asset the trial court awarded the wife was the equity in the marital residence, and the value of that award was reduced by the $20,000 the trial court ordered the wife to pay the husband in lieu of an interest in the marital residence. If the marital residence were valued at $118,300, the value of the equity in the marital residence awarded to the wife, after adjusting it to reflect the $20,000 award to the husband, would be $83,300.[2] If the marital residence were valued at $140,000, the value of the equity in the marital residence awarded to the wife, after adjusting it to reflect the $20,000 award to the husband, would be $105,000.[3] If the marital residence were valued at $160,000, the value of the equity in the marital residence awarded to the wife, after adjusting it to reflect the $20,000 award to the husband, would be $125,000.[4]
Thus, if the marital residence were valued at $118,300, the value of the major marital assets or their equivalent awarded to the husband would exceed the value of the major marital assets awarded to the wife, after adjustment to reflect the $20,000 award to the husband, by $102,402.38.[5] If the marital residence were valued at $140,000, the value of the major marital assets or their equivalent awarded to the husband would exceed the value of the major marital assets awarded to the wife, after adjustment to reflect the $20,000 award to the husband, by *Page 1278 
$80,702.38.[6] If the marital residence were valued at $160,000, the value of the major marital assets or their equivalent awarded to the husband would exceed the value of the major marital assets awarded to the wife, after adjustment to reflect the $20,000 award to the husband, by $60,702.38.[7]
Accordingly, given the evidence in this case pertaining to the factors a trial court is to consider in dividing marital property, we cannot hold that the property division was inequitable regardless of whether the trial court valued the marital residence at $118,300, $140,000, or $160,000.
Moreover, the husband introduced the 2002 tax assessment into evidence. "`[A] party who has introduced certain evidence cannot subsequently object that . . . it should not be given such consideration as its natural probative value entitled it to, or that it is insufficient to sustain a judgment based thereon.'"Peterson v. Jefferson County, 372 So.2d 839, 842 (Ala. 1979) (quoting 32A C.J.S. Evidence § 1040(1) (1964))). Therefore, we cannot reverse the divorce judgment on the basis of the husband's first argument.
The husband next argues that the trial court erred in ordering that interest would accrue on the $20,000 at the rate of 5% per annum during the 24-month period between December 2, 2003, and December 2, 2005. The husband argues that § 8-8-10, Ala. Code 1975, requires that interest accrue on the $20,000 at the rate of 12% per annum from December 2, 2003, the date of the divorce judgment, until the wife pays the $20,000.
In pertinent part, § 8-8-10 provides:
 "Judgments for the payment of money, other than costs, if based upon a contract action, bear interest from the day of the cause of action, at the same rate of interest as stated in said contract; all other judgments shall bear interest at the rate of 12 percent per annum, the provisions of Section 8-8-1
to the contrary notwithstanding. . . ."
(Emphasis added.) In Morgan v. Morgan, 445 So.2d 297
(Ala.Civ.App. 1983), the divorce judgment, which was entered on April 29, 1980, awarded the wife $400,000 in lieu of an interest in jointly held marital assets. The divorce judgment ordered the husband to pay the $400,000 in installments of $40,000, with the first installment to be paid on or before June 1, 1980, and subsequent installments to be paid on June 1 of each year thereafter until the $400,000 was paid in full. The divorce judgment did not order the husband to pay any interest on the $400,000.
The wife unsuccessfully appealed the divorce judgment to this court and thereafter unsuccessfully petitioned the supreme court for a writ of certiorari. The supreme court denied the wife's certiorari petition on August 28, 1981. The husband, who had neither sought a stay of the divorce judgment nor filed a supersedeas bond, did not pay the $40,000 installments due on June 1, 1980, and June 1, 1981, until November 25, 1981. On that date, he paid the wife those two installments of $40,000 but did not pay her any interest.
The wife then filed a declaratory-judgment action seeking, among other things, a determination regarding whether the divorce judgment was a final judgment upon which interest accrued under Alabama law. After the trial court entered a summary judgment for the husband, the wife appealed to this court. This court explained and held: *Page 1279 
 "The first issue argued by [the wife] is whether the $400,000 awarded to her as a property settlement is such a final judgment as will support the accrual of interest; and if so, does interest accrue on the $400,000 judgment from the date of its entry, i.e.[,] April 29, 1980, or does interest accrue only on each $40,000 installment which is due and unpaid.
 "We consider that the divorce decree, making the various awards to the parties, was a `final' decree and would support an appeal. See Jewell v. Jackson Whitsitt Cotton Co., 331 So.2d 623 (Ala. 1976). We find also that, once due, each $40,000 installment is a `final' judgment which will accrue interest so long as it is unpaid. See Martin v. Martin, 350 P.2d 270
(Okl. 1960). See generally Annot., 33 A.L.R.2d 1455 (1954). Accordingly, the trial court erred in refusing to award any interest to [the wife]. However, interest is to be calculated only on each $40,000 installment which remains unpaid after its due date, not on the entire $400,000 from the date of its entry.
 "The rationale for this conclusion is that in a divorce case where one party is awarded a money judgment in lieu of a property settlement there is no previously existing obligation or liability. The obligation or debt is created or fixed by such judgment. Martin v. Martin, supra. In the case at bar the judgment fixed the obligation at $400,000 but specified that it was to be paid in ten yearly installments of $40,000. In other words the trial court fixed the total amount of the obligation at $400,000 but specified that it was to be paid over a ten year period. Consequently, the method of payment is just as important as the total amount to be paid. So long as [the husband] pays the $40,000 yearly installments as they come due, he is in compliance with the judgment of the trial court and no interest would be due. However, if one of the yearly installments is not paid when due, interest would accrue from its due date until paid.
 ". . . .
 "The rate of interest chargeable on these installments, however, will vary. The installments due on June 1, 1980 and June 1, 1981 shall accrue interest at a rate of six percent pursuant to section 8-8-1, Code 1975, from the date they were due (June 1, 1980 and June 1, 1981 respectively) until November 13, 1981; whereas from November 13, 1981 to November 25,1981, the date both installments were paid, these sums will accrue interest at a rate of twelve percent pursuant to section 8-8-10, Code 1975, as amended. This section's amendment was effective November 13, 1981, hence the new interest rate provided in this section must be applied after this date. It is settled in Alabama that statutes will not be construed to have retrospective effect unless the language of the statute expressly indicates the legislature so intended. Street v. City of Anniston, 381 So.2d 26 (Ala. 1980). Therefore, the twelve percent rate shall not be applied retrospectively."
445 So.2d at 299-300 (emphasis added).
Like the husband's obligation to pay the wife $400,000 inMorgan, the wife's obligation to pay the husband $20,000 in the case now before us did not exist before the divorce judgment created it. Like the specification in the divorce judgement inMorgan that the husband had 10 years to pay the $400,000, the specification in the divorce judgment in this case that the wife had 24 months to pay the $20,000 made the method of payment as important as the amount. Therefore, applying the holding inMorgan to the facts of the case now before us, we hold that interest will accrue *Page 1280 
on the unpaid balance of the $20,000 at the 5% per annum rate fixed by the divorce judgment during the 24-month period from December 2, 2003, through December 2, 2005. We further hold that, so long as the wife pays the $20,000 and accrued interest on or before December 2, 2005, the wife will be in compliance with the divorce judgment and, therefore, § 8-8-10 will not apply to the wife's obligation to pay the husband $20,000. However, we hold that, if the wife does not pay the $20,000 and accrued interest in full on or before December 2, 2005, 12% interest will accrue pursuant to § 8-8-10 on the unpaid balance of the $20,000 and accrued interest from December 3, 2005, until the unpaid balance is paid.
Therefore, we affirm the divorce judgment.
AFFIRMED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
[1] The other marital assets consisted of personal property such as furniture and used automobiles. The parties did not introduce evidence of the value of those items.
[2] $118,300 minus the $15,000 owed on the mortgage and the $20,000 awarded to the husband equals $83,300.
[3] $140,000 minus the $15,000 owed on the mortgage and the $20,000 awarded to the husband equals $105,000.
[4] $160,000 minus the $15,000 owed on the mortgage and the $20,000 awarded to the husband equals $125,000.
[5] $185,702.38 minus $83,300 equals $102,402.38.
[6] $185,702.38 minus $105,000 equals $80,702.38.
[7] $185,702.38 minus $125,000 equals $60,702.38.