BRYAN, Judge.[1]
Judy T. McClellan (“the wife”) appeals a judgment divorcing her from James E. McClellan (“the husband”) insofar as it divided the parties’ marital property and failed either to award her periodic alimony or to reserve the right to award her periodic alimony at a later date if the circumstances should justify it. We affirm in part, reverse in part, and remand.
In pertinent part, the divorce judgment states:
“The parties were married in 1984 and subsequently divorced in 1987.[2] They were thereafter remarried in 1988. There were no children born to the marriage.
“Each party provided sufficient evidence to support a divorce of incompatibility and irreconcilable differences. The [wife] raised allegations of domestic violence and the Court reaffirms it’s previous finding of insufficient evidence to support said claim.
“The major dispute between the parties at trial was over the identification and/or distribution of marital assets. The [husband] contended that the proceeds from the sale [of] ‘his’ business, Tape Craft[,] were maintained in his name only and should not therefore be considered marital assets. The Court notes that proceeds from an inheritance of the [husband] along with proceeds from the sale [of] Tape Craft were co-mingled in various investment accounts which were all used in support of the marriage and are therefore marital assets subject to equitable distribution by the Court. The Court orders the following:
[[Image here]]
“3. The marital residence was agreed to have a value of approximately 1.3 million dollars and has been listed for sale. Upon sale of the marital residence and after deduction of the costs of sale[, e]ach party shall be entitled to fifty per cent (50%) of the net proceeds.
“4. The [husband] shall have ownership and exclusive possession of the following:
*660 “a. Greystone Country Club Membership
“b. Colliers Reserve Country Club Membership
“c. The Strand Country Club Membership
“d. Salomon Smith Barney Account
[[Image here]]
“e. Bull & Bear Investment Club account
“f. His IRA # 524 22379
“g. Ranger boat
“h. Mercedes E320
“i. [Various household furnishings]
“5. The [wife] shall have exclusive ownership and possession of the following:
“a. UPS Store
“b. Her Jewelry
“c. The Mercedes SL500
“d. The John Hancock policy insuring her life
“e. [Various household furnishings]
“6. The [husband] shall pay to the [wife] the sum of One Hundred Fifty Thousand and no/100 ($150,000.00) DOLLARS as alimony in gross, within thirty (30) days of this Order.
[[Image here]]
“8. The [husband] shall pay Thirty Thousand and no/100 ($30,000.00) DOLLARS toward the costs of the [wife’s] attorney within thirty (30) days of this Order.”
(Emphasis added.)
The wife timely filed a Rule 59(e), Ala. R. Civ. P., postjudgment motion. Among other things, that motion alleged that the trial court had erred in failing to make a disposition of an account at Merrill Lynch (“the Merrill Lynch account”) that was a marital asset and in failing to award her periodic alimony or to reserve the right to award her periodic alimony at a later date if the circumstances should justify it.
Following a hearing on the wife’s Rule 59(e) motion, the trial court entered an order stating:
“At the time of the trial, the Court relied primarily on [the husband’s] Exhibit One for the various values of the assets of the marriage and based on the testimony and other exhibits assigned the following:
[[Image here]]
“The Court awarded the [wife] $150,000 as alimony in gross, representing her share of the Merrill Lynch account. The [divorce judgment] should have identified that the Merrill Lynch account was awarded to the [husband]. With that clarification by the Court and other issues which were resolved by the parties themselves, all further requests for relief [are] hereby DENIED.”
The wife then timely appealed to this court. On appeal, the wife challenges the trial court’s division of the parties’ marital assets and its failure either to award her periodic alimony or to reserve the right to award her periodic alimony at a later date if the circumstances should justify it. Because a trial court’s determinations regarding the division of marital property and periodic alimony are interrelated, an appellate court must consider those determinations together. See Bag- *661 gett v. Baggett, 855 So.2d 556, 559 (Ala.Civ. App.2003).
On page 9 of her brief to this court, the wife states that “[t]he [trial] [c]ourt’s refusal to acknowledge the Merrill Lynch account as being a marital asset or using it as a marital asset is the primary error in this case.” However, in the divorce judgment, the trial court expressly found that the parties’ investment accounts, which would include the Merrill Lynch account, were marital assets. Moreover, in its order clarifying the divorce judgment and denying the wife’s Rule 59(e) motion, the trial court stated that it had intended the award to the wife of $150,000 in alimony in gross to represent her share of the Merrill Lynch account. Accordingly, the wife’s argument that the trial court erroneously failed to treat the Merrill Lynch account as a marital asset has no merit.
In addition to her primary argument, the wife makes a number of other arguments in support of her challenge to the trial court’s division of the marital property and failure to award her periodic alimony. Specifically, she argues that the trial court should have awarded her $400,000 to $500,000 from the Merrill Lynch account in order to make the division of marital assets equitable and that the trial court should have either awarded her periodic alimony or reserved the issue of periodic alimony because, according to the wife, the evidence established (1) that the parties had been married for 27 years;[3] (2) that the husband had been responsible for $130,000 in losses from the Merrill Lynch account while the divorce action was pending; (3) that the husband had committed acts of domestic violence and had drunk excessive amounts of alcohol, which contributed to the breakdown of the marriage; (4) that the wife has not worked since approximately 1993 and her license to work as a registered nurse has lapsed; (4) that the wife has health problems; (6) that the husband had given the wife her jewelry as a gift and, therefore, it was her separate property and should not have been considered part of her share of the marital assets; and (7) that the UPS store was purchased by the parties for the wife’s son from a previous marriage and, therefore, it was not marital property and should not have been considered part of the wife’s share of the marital property.
Because the trial court in the case now before us based its determinations regarding the division of the marital property and periodic alimony on conflicting ore tenus evidence, we must accord those determinations a presumption of correctness. Id, Such determinations will be reversed only if they are so unsupported by the evidence as to be plainly and palpably wrong. Id. Moreover, in reviewing determinations of the trial court based on conflicting ore tenus evidence, we must view “ ‘ “the evidence in a light most favorable to the prevailing part[y].” ’ ” Diggs v. Diggs, 910 So.2d 1274, 1275 (Ala.Civ.App. 2005) (quoting Architectura, Inc. v. Miller, 769 So.2d 330, 332 (Ala.Civ.App.2000), quoting in turn Driver v. Hice, 618 So.2d 129, 131 (Ala.Civ.App.1993)).
A division of marital property should be equitable in light of the particular facts of the case. Diggs v. Diggs, 910 So.2d at 1276. However, the division does not have to be equal in order to be equitable. Id. The determination of what is an *662 equitable division of marital property in light of the particular facts of the case rests within the sound discretion of the trial court. Id.
“The purpose of periodic alimony is to support the former dependent spouse and to enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage, until the spouse is self-supporting or maintaining a status similar to the one enjoyed during the marriage.” .
O’Neal v. O’Neal, 678 So.2d 161, 165 (Ala.Civ.App.1996).
In Baggett v. Baggett, 855 So.2d 556, 559 (Ala.Civ.App.2003), this court stated:
“When dividing marital property and determining a party’s need for alimony, a trial court should consider several factors, including ‘ “the length of the marriage, the age and health of the parties, the future employment prospects of the parties, the source, value, and type of property owned, and the standard of living to which the parties have become accustomed during the marriage.” ’ Ex parte Elliott, 782 So.2d 308 (Ala.2000) (quoting Nowell v. Nowell, 474 So.2d 1128, 1129 (Ala.Civ.App.1985)) (footnote omitted). In addition, the trial court may also consider the conduct of the parties with regard to the breakdown of the marriage, even where the parties are divorced on the basis of incompatibility, or where ... the trial court fail[s] to specify the grounds upon which it based its divorce judgment. Ex parte Drummond, 785 So.2d 358 (Ala.2000); Myrick v. Myrick, 714 So.2d 311 (Ala.Civ.App.1998).”
Viewing the evidence, as we must, in the light most favorable to the husband as the prevailing party reveals that the trial court had before it evidence supporting its finding that the husband was not guilty of committing acts of domestic violence. Moreover, the wife has not cited any evidence in the record supporting her argument that the husband contributed to the breakdown of the marriage by drinking excessive amounts of alcohol. This court cannot consider alleged facts that are not established by the record on appeal. Cf. Coleman v. Estes, 281 Ala. 234, 237, 201 So.2d 391, 393 (1967) (“The rule is that argument in brief reciting matters not disclosed by the record cannot be considered on appeal, and the record cannot be impeached on appeal by statements in brief, by affidavits, or by other evidence not appearing in the record.” (citations omitted)). Moreover, “[i]t is not the duty of this court to search the record to determine whether it contains evidence to support contentions made by a party.” Thomason v. Redd, 565 So.2d 259, 260 (Ala.Civ.App.1990). Accordingly, we cannot consider the wife’s argument that the husband contributed to the breakdown of the marriage by drinking excessive amounts of alcohol.
With regard to the wife’s argument that she has not worked since approximately 1993 and that her license to work as a registered nurse has lapsed, we note that the evidence before the trial court established that the wife could renew her license to work as a registered nurse by attending three weeks of continuing-nursing-education courses. With regard to the wife’s argument that the husband had given her her jewelry as a gift and, therefore, that it was her separate property, we note that the trial court had before it the husband’s testimony denying that he had given the jewelry to the wife as a gift. Therefore, the trial court, as the trier of fact, could have found that the jewelry was marital property rather than the wife’s separate property.
The only evidence in the record the wife has cited in support of her argument that *663 she has health problems is her trial testimony to the effect that she did not have any physical problems that would prevent her from returning to her previous job as a registered nurse, although she has experienced “difficulty” with her eyes. Moreover, we note that the trial court had before it evidence from which it could have found that the $130,000 reduction in value of the Merrill Lynch account while the divorce action was pending was due to a change in the stock market rather than any negligence or misconduct on the part of the husband. Finally, although the parties may have initially purchased the UPS store with the intention of giving it to the wife’s son from a previous marriage at some point in the future, the wife cites no evidence indicating that the parties had transferred ownership of the UPS store to her son before the divorce. Accordingly, we find no error in the trial court’s treatment of the UPS store as a marital asset.
The evidence established that most of the parties’ marital assets were attributable to the husband’s sale of his business in 1996 for a purchase price of $3,000,000. The trial court determined that the value of the parties’ marital assets other than the Merrill Lynch account were as follows:
[[Image here]]
The evidence established that the Merrill Lynch account had a value of $784,900 when the case was tried.
The trial court awarded to the husband the following:
[[Image here]]
The gross value of the marital assets awarded to the husband must be adjusted by deducting the $30,000 in attorneys’ fees the trial court ordered the husband to pay to the wife and the $33,000 marital debt the trial court ordered the husband to pay. After those adjustments, the net value of the marital assets the trial court awarded to the husband is $1,338,900.
The trial court awarded to the wife the following marital assets:
[[Image here]]
The gross value of the marital assets the trial court awarded to the wife must be adjusted by adding the $30,000 value of the attorneys’ fees the trial court ordered the husband to pay the wife. After that adjustment, the net value of the marital assets the trial court awarded to the wife is $850,000.
Accordingly, the net value of the marital assets the trial court awarded to the husband was 61% of the net value of all the marital assets, and the net value of the marital assets the trial court awarded to the wife was 39%. In light of the evidence regarding the factors a trial court is to consider in dividing marital property, we do not find the disparity in the net value of the marital assets the trial court awarded to each party to be so great that its division of the parties’ marital property is plainly and palpably inequitable. Con *664 sequently, we affirm the trial court’s judgment as to the division of the parties’ marital property.
Likewise, in light of the evidence regarding the factors a trial court is to consider in determining whether to award periodic alimony, we do not find the trial court’s decision not to award the wife periodic alimony to be a plain and palpable abuse of discretion. Consequently, we affirm the trial court’s judgment insofar as it did not award the wife periodic alimony. However, we agree with the wife that the trial court erred in not reserving the right to award the wife periodic alimony at a later date if circumstances should justify it. See Walls v. Walls, 860 So.2d 352, 358 (Ala.Civ.App.2003). The failure either to award periodic alimony or to reserve the right to award periodic alimony at a later date precludes a trial court from later awarding periodic alimony. Id. Given the length of the parties’ marriage, the lifestyle enjoyed by the parties during the marriage, and the wife’s earning potential, the trial court should have reserved the right to award periodic alimony at a later date if the circumstances should justify it. Id. Therefore, we reverse the trial court’s judgment insofar as it did not reserve the right to award periodic alimony at a later date and remand the cáse to the trial court for it to amend its judgment iii that regard.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.

. This case was originally assigned to another judge on this court.

. The parties’ testimony indicates that they were married for the first time in 1983 rather than 1984.

. The wife cites no evidence in the record supporting her contention that the parties had been married for 27 years. The husband cites testimony by both parties establishing that they married for the first time in 1983. They divorced for several months in 1987 and 1988 and remarried in 1988. The divorce judgment was entered in this case in May 2005. Thus, the parties could not have been married for more than 22 years.