BRYAN, Judge.
Luis Enriquez, the defendant below, appeals from a judgment in which the trial court found in favor of the plaintiff below, Kokomo Properties, LLC (“Kokomo”), on its breach-of-contract claim and awarded Kokomo damages in the amount of $62,000. Kokomo cross-appeals from that judgment, asserting that it was entitled to recover damages in the amount of $89,125 rather than $62,000. As to Enriquez’s appeal, we affirm the trial court’s judgment; as to Kokomo’s cross-appeal, we reverse the trial court’s judgment and remand the cause with instructions.
On May 29, 2008, Kokomo sued Enri-quez, stating a claim of breach of contract. As the factual basis of its claim, Kokomo alleged that Enriquez had entered into a written lease with Kokomo in May 2007 (“the lease”) in which Enriquez had agreed to lease a building located on Rosa Parks Drive in Montgomery (“the building”) for a term of three years beginning on May 1, 2007, and ending on April 80, 2010, and to pay Kokomo rent in the amount of $12,000 per year; that Enriquez had taken possession of the building and had operated a nightclub named “Club Lokiya” in the building; that Enriquez had paid rent through September 2007 but had stopped paying rent thereafter; that the lease contained a provision stating that, at Koko-mo’s election, the rent Enriquez was to pay during the entire term of the lease would become immediately due and payable if Enriquez failed to pay any installment of rent; and that Kokomo was electing to accelerate the rent pursuant to that provision. Kokomo later amended its complaint to allege that the lease provided that the rent was $80,000 per year rather than $12,000 per year. As relief, Kokomo sought an award of damages in an amount equal to the total amount of unpaid rent payable during the entire term of the lease plus a late fee.
Answering Kokomo’s complaint, Enri-quez denied that he was liable for breach of the lease and asserted, as affirmative defenses, that the lease was illegal and unenforceable; that the purpose of the lease had been frustrated; and that the lease was unconscionable. As the factual basis of his affirmative defense of illegality, Enriquez alleged that Valerie Carmichael, acting as an agent of Kokomo, had induced him to enter into the lease by promising Enriquez that he could operate a nightclub in the building using a liquor license issued to her, which constituted a violation of the Alabama Administrative Code. As the factual basis of his affirmative defense of frustration of purpose, En-riquez alleged that the Alabama Alcoholic Beverage Control Board had closed his nightclub due to his use of the liquor license issued to Carmichael. As the factual basis of his affirmative defense of uncon-scionability, Enriquez alleged that the lease was unconscionable because Kokomo or Carmichael, its agent, knew or should have known that leasing the building to Enriquez to operate a nightclub using a liquor license issued to someone else would cause Enriquez to experience legal problems.
The trial court held a bench trial at which it received evidence ore tenus. Thereafter, on February 2, 2009, the trial court entered a judgment finding in favor of Kokomo on its breach-of-contract claim and awarding Kokomo damages in the amount of $62,000. The trial court did not make any specific findings of fact.
Following the entry of the judgment, Enriquez moved the trial court to alter, amend, or vacate the judgment pursuant *201 to Rule 59(e), Ala. R. Civ. P., on the grounds that the evidence at trial had established that the lease was illegal and that Kokomo had failed to mitigate its damages. Kokomo moved the trial court, pursuant to Rule 59(e), to alter or amend the judgment to award Kokomo damages in the amount of $89,125, on the ground that the undisputed evidence at trial had established that Enriquez owed Kokomo unpaid rent totaling $77,500 plus a late fee equal to 15% of the $77,500 in unpaid rent. Following a hearing, the trial court denied both parties’ postjudgment motions.
Enriquez timely appealed to the supreme court, and Kokomo timely cross-appealed to the supreme court. The supreme court transferred both the appeal and the cross-appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Because the trial court received evidence ore tenus, the following principles govern our review of its judgment:
“ ‘ “ ‘[Wjhen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.”” Water Works & Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 448 (Ala.2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala.2005), quoting in turn Philpot v. State, 843 So.2d 122, 125 (Ala.2002)). ‘“The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.’” Waltman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’ Waltman v. Rowell, 913 So.2d at 1086.”
Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala.2007). Moreover, because the trial court’s judgment does not contain any specific findings of fact, we must assume that the trial judge made those findings necessary to support the judgment. Diggs v. Diggs, 910 So.2d 1274, 1275 (Ala.Civ.App.2005).
“Finally, we note that ‘[i]n ore tenus proceedings the trial court is the sole judge of the facts and of the credibility of witnesses,’ and ‘we are required to review the evidence in a light most favorable to the prevailing part[y],’ .... Driver v. Hice, 618 So.2d 129, 131 (Ala.Civ.App.1993); see also First Health, Inc. v. Blanton, 585 So.2d 1331, 1332 (Ala.1991) (reviewing evidence in the light most favorable to the prevailing party where the trial court’s judgment was entered after an ore tenus proceeding).”
Architectura, Inc. v. Miller, 769 So.2d 330, 332 (Ala.Civ.App.2000).
Enriquez first argues that the trial court erred in finding in favor of Kokomo on its breach-of-contract claim because, he says, (1) parol or extrinsic evidence was admissible to modify the terms of the lease due to both latent and patent ambiguities in the lease; (2) his testimony established that Carmichael, acting as the agent of Kokomo, and he had entered into a side agreement, which modified the lease by providing that Carmichael would allow Enriquez to use a liquor license issued to her to operate a nightclub in the building and that Enriquez would be required to pay rent pursuant to the lease only so long as Carmichael continued to allow him to use the liquor license issued to her; (3) Carmichael failed to renew her liquor license in October 2007; and (4) when Enriquez told *202 Carmichael in October 2007 that he could no longer pay the rent pursuant to the lease because she had not renewed her liquor license, she said “fíne.”
Enriquez did not offer a written document memorializing the alleged side agreement between him and Carmichael. Thus, the only' evidence tending to prove the existence of that alleged side agreement was his testimony. Consequently, the trial court, as the sole judge of the facts and the credibility of the witnesses, could have found that Enriquez’s testimony regarding the alleged side agreement was not credible and, hence, that the alleged side agreement did not exist. See Architectura, Inc. v. Miller, 769 So.2d at 832. Moreover, because the trial court made no specific findings of fact, we must assume that the trial court made those findings that would support its judgment. See Diggs v. Diggs, 910 So.2d at. 1275. Accordingly, we must assume that the trial court found that Enriquez’s testimony regarding the alleged side agreement was not credible and, consequently, that the trial court found that the side agreement did not exist. Therefore, Enriquez’s first argument has no merit.
Second, Enriquez argues that the trial court erred in giving effect to the provision allowing Kokomo to accelerate the rent if Enriquez defaulted in his performance of the lease because, he says, Kokomo’s representative at trial testified that Kokomo was not seeking damages for Enriquez’s allegedly making unauthorized alterations to the building or Enriquez’s removal of his property from the building. The pertinent provisions of the lease state:
“It is agreed that if [Enriquez] shall fail to pay any one of the above described installments of rent at maturity or fail to perform any of the provisions of this Lease, then, at the election of [Kokomo], all of the remaining installments shall at once become due and payable and [Kokomo] may treat them as due and payable without notice to [Enriquez]. [Enriquez] hereby waives notice of any default under this contract.
“[Enriquez] hereby further covenants that if any default is made in the payment of said rent or any part thereof, at the time above specified, or if default be made in the performance of any of the covenants or agreements herein contained, or if the leased premises shall be abandoned or become vacant during the term of this lease without [Enriquez] having paid in full the rent for the entire time, the said lease, at the option of [Kokomo], shall wholly cease and terminate, and [Kokomo] shall and may reenter the said premises and remove all persons and property therefrom; and [Enriquez] hereby expressly waives the service of any notice of intention to reenter, notice to terminate the tenancy, notice to quit or demand for possession, or [Kokomo] shall have the right at [its] option to take possession of the leased premises and to let the same as the agent of [Enriquez] and apply the proceeds received from such letting towards the payment, of the rent due by [Enri-quez] under this lease and such re-enter,ing and resetting shall not discharge [Enriquez].from liability for rent or other charges, nor from any other obligations under the terms of this lease, or at the option of [Kokomo] the rent for the entire term shall at once become due and payable and [Kokomo] may proceed to the collection of rent for the entire term as if by the terms of this lease the entire rent for the entire term should be made payable in advance. These provisions, however, are not to be construed as limiting [Kokomo’s] legal rights but are in addition to such existing rights.
[[Image here]]
*203 “It is further agreed by and between the parties to this contract that no alterations, repairs, changes or improvements are to be made in, or to the premises herewith leased, without the consent in writing of [Kokomo], except such as are necessary for the proper care and maintenance of the premises.”
(Emphasis added.)
The pertinent provisions of the lease authorize Kokomo to accelerate the rent if Enriquez fails to pay any installment of rent; they do not purport to condition such an acceleration of the rent ón Koko-mo’s prosecution of claims for damages for (1) unauthorized alterations to the building or (2) removal of Enriquez’s property while the rent is unpaid. Therefore, we find no merit in Enriquez’s second argument.
Third, Enriquez argues that the trial court erred in finding in favor of Kokomo on its breach-of-contract claim because, he says, the lease was illegal and unenforceable due to the alleged side agreement between Carmichael and him. However, this argument has no merit because, as we explained above, we must assume that the trial court, as the sole judge of the facts and the credibility of the witnesses, found that the side agreement did not exist. See Diggs v. Diggs, 910 So.2d at 1275; and Architectura, Inc. v. Miller, 769 So.2d at 332.
Fourth, Enriquez argues that the trial court erred in finding in favor of Kokomo on its breach-of-contract claim because, he says, the lease was unconscionable. Although Enriquez does not state the precise reason why he contends that the lease was unconscionable, we presume he is arguing that the lease was unconscionable due to the alleged side agreement. This argument has no merit because it presupposes the existence of the side agreement and, as we have explained above, we must assume
that the trial court, as the sole judge of the facts and the credibility of the witnesses, found that the side agreement did not exist. See Diggs v. Diggs, 910 So.2d at 1275; and Architectura, Inc. v. Miller, 769 So.2d at 332.
Fifth, Enriquez argues that the trial court erred in finding in favor of Kokomo on its breach-of-contract claim because, he says, he testified that he is unable to read and understand legal documents written in the English language. However, we must assume that the trial court, as the sole judge of the facts and the credibility of the witnesses, found that Enriquez’s testimony to the effect that he could not read and understand legal documents written in the English language was not credible. See Diggs v. Diggs, 910 So.2d at 1275; and Architectura, Inc. v. Miller, 769 So.2d at 332. Therefore, we find no merit in Enriquez’s fifth argument.
Finally, Enriquez argues that the trial court erred in finding in favor of Kokomo on its breach-of-contract claim because, he says, Kokomo failed to mitigate its damages by renting the building to someone else for the remainder of the term of the lease. However, the trial court had before it the following evidence indicating that Kokomo had tried to rent the building and had been unsuccessful:
“THE COURT: ... Oh, is the place rented now?
“[Kokomo’s representative]: No, it’s not.....
“THE COURT: Has it been rented since [Enriquez] left?
“[Kokomo’s representative]: No. We tried. We tried, Judge.”
Based on that evidence, we find no merit in Enriquez’s argument that Kokomo failed to mitigate its damages.
*204 Because we find no merit in any of Enriquez’s arguments, we affirm the trial court’s judgment insofar as it found in favor of Kokomo and against Enriquez with respect to the issue whether Enriquez was liable for breach of contract.
In the cross-appeal, Kokomo argues that the trial court erred in awarding it damages in the amount of $62,000 rather than $89,125 because, Kokomo says, the award of $62,000 is unsupported by the evidence, which established without dispute that Kokomo was entitled to recover unpaid rent in the amount of $77,500 plus $11,625 in late charges. The lease provided for rent in the amount of $12,000 per year to be paid in installments of $2,500 per month. Twelve installments of $2,500 per year would result in rent of $30,000 per year rather than $12,000 per year. The evidence established that Enriquez paid $2,500 each month from May 2007 through September 2007 and that he failed to pay any rent thereafter. The trial court could have found from the evidence either that the parties intended the annual rent to be $12,000 and that the provision for monthly installments of $2,500 was erroneous or that the parties intended the monthly installments to be $2,500 and the provision for annual rent of $12,000 was erroneous. However, the trial court’s award of $62,000 does not comport with either of those findings. Indeed, we cannot find any evidentiary basis in the record for an award of $62,000. Therefore, we must reverse the judgment of the trial court with respect to the damages award and remand the action with instructions to the trial court to clarify its judgment with respect to the damages award in light of this opinion. Cf. Stonebrook Dev., L.L.C. v. Matthews Bros. Constr. Co., 985 So.2d 960, 967 (Ala.Civ.App.2007) (plurality decision) (reversing the trial court’s judgment with respect to a breach-of-contract counterclaim because the trial court’s award of damages on that counterclaim was unsupported by the evidence and remanding action with instructions for the trial court to clarify its award of damages on that counterclaim).
APPEAL — AFFIRMED.
CROSS-APPEAL — REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., concurs in the result, without writing.