This appeal concerns the propriety, and the proper interpretation, of a judgment entered by the Montgomery County Circuit Court after a hearing on a motion filed by the State of Alabama (on the relation of Dorothy Pritchett) to enforce a claimed lien upon proceeds disbursed to David Pritchett ("the employee") pursuant to a consent judgment in a workers' compensation action. The entire record in this appeal consists of a 33-page clerk's record and a 10-page reporter's transcript. From that abbreviated record, we have gleaned the following facts. On October 4, 1999, the employee and Whitfield Foods, Inc. ("the employer"), filed a joint petition seeking the trial court's approval of a settlement agreement wherein the employee would receive a lump sum of $16,000 in full and final settlement of any and all claims against Whitfield and its insurance carriers arising out of his knee and back injuries suffered in the line and scope of his employment on July 1, 1998. On the same day that the petition was filed, the trial court approved the settlement and entered a judgment directing the payment of $16,000 to the employee (from which amount the employee's attorney was allowed a 15 percent attorney fee); the record reflects that the judgment was satisfied on that date.
On October 14, 1999, the State of Alabama, acting by and through its district attorney, filed a motion "to enforce the lien served upon CNA Insurance ("CNA") and Whitfield Foods on December 16, 1998" and for sanctions against the employee's counsel for failing to satisfy that lien. The motion recited that a lien for $76,259.34 had been served upon CNA; that counsel for the employee had requested that the lien be lifted and that the balance of the amount claimed in the lien be waived, but that those requests had been denied; that the State had been sent a draft in the amount of $10,000 contingent upon the State's waiver of the balance of the amount claimed under the lien; and that no one from the State had agreed to a payment of $10,000 in exchange for a waiver of the amount claimed to be due. The basis of the State's claimed lien against the employee is not readily apparent from the record, although it appears that at least one judgment, and possibly two judgments, have been entered against the employee at some time in an unrelated case involving a child-support arrearage owed by the employee. Likewise, the precise amount of the actual arrearage (as opposed to the claimed lien) is not disclosed by the record.
The trial court held a hearing on the State's motion. The transcript of that hearing indicates that two attorneys representing the employee, an assistant district attorney, and counsel for the employer were in attendance. The employee's attorneys stated that the employer and its insurance carrier had indeed received the lien, and that they had asked that $10,000 be paid "and the rest of the arrearage be handled through the family court pursuant to the current family court order." The employee's attorneys further stated that an agreement had been reached between them and the district attorney for the payment *Page 1050 
of $10,000 in exchange for waiver of any other claims of back child support, but that the employee would continue to make support payments as they came due in the future. The district attorney denied having received one of the two letters outlining that compromise proposal that were allegedly sent to him, and stated that although he had spoken with one of the employee's attorneys after receiving the second letter, he had told the employee's attorney that he would ask that the remainder of moneys owed to the State be paid according to the terms of the family-court judgments. After hearing these statements, the trial court stated that he would enter a judgment stating (1) that the payment of $10,000 had satisfied the lien; (2) that the employee would remain responsible for the remainder of the "actual" child support owed under the family-court judgments; and (3) that "all interest on this matter is waived."
The trial court's judgment, entered on November 17, 1999, states:
 "Th[is] matter is before the Court on the District Attorney's Motion to Enforce Lien/Motion For Sanctions. Upon consideration of the same, the Court finds that the lien against [the employee] in favor of [Dorothy Jackson, the State's relator] in the amount of $10,000.00 is due to be enforced. The [employee] is hereby in compliance with all child support obligations upon the payment of the $10,000.00 and the Writ of Arrest should not be issued. Further, equity demands that all interest on the [employee]'s child support arrearage is due to be and is hereby waived. The [employee], however, remains responsible for the balance of the child support."
The State's postjudgment motion was denied, prompting this appeal.
The State raises two issues: (1) whether the trial court improperly declared that the employee had satisfied all of his child-support obligations, and (2) whether the trial court improperly waived the interest on the child-support arrearage upon which the State had based its lien.
As for the first of these issues, we cannot agree with the State that the trial court has, in fact, remitted arrearages in any of the employee's child-support obligations, at least as to the principal amount of those arrearages. Although the judgment's provision that the employee would be "in compliance with all child support obligations upon the payment of the $10,000," when viewed in isolation, tends to render the judgment somewhat ambiguous, a review of the entirety of the trial-court's judgment reveals that the intent of the judgment was to prevent punitive measures from immediately being taken against the employee with respect to any delinquent payments of child-support arrearages he might owe. Indeed, the judgment specifically provides that the employee "remains responsible for the balance of the child support," indicating that any of the principal amount of that arrearage not satisfied by the payment of $10,000 from the employee's workers' compensation proceeds would remain the employee's responsibility to pay in the future. Our conclusion is bolstered by reference to the trial-court's statements, during the hearing on the State's motion, that the payment of the $10,000 "brings him in compliance with thedelinquency" (emphasis added), that the trial court was not interfering "with the domestic court order saying that he is to continue to pay child support and the arrearage of child support," and that the employee "is responsible for the remainder of the actual child support." Therefore, we conclude that the State has failed to demonstrate reversible error as to its first issue.
As to the trial court's waiver of interest owed by the employee with respect to any child-support obligations, or judgment arising from failure to satisfy those obligations, that may have given rise to the State's claimed lien, however, we reach a different result. While we have recognized, as the employee argues, that *Page 1051 
judgments imposing child-support obligations may be modified upon a showing of a material change in circumstances, such modifications may operate only prospectively, i.e., from no earlier than the filing of a petition seeking modification of child-support obligations. See Rule 32(A)(3)(a), Ala.R.Jud.Admin. "It is well settled that child support payments become final judgments on the day they are due and may be collected as any other judgment is collected; . . . that payments that mature or become due before the filing of a petition to modify are not modifiable[; and] that a trial court has no power to forgive an accrued arrearage." Ex parte State ex rel. Lamon, 702 So.2d 449, 450-51 (Ala. 1997). Moreover, as we recently noted in State Dep't of Human Resourcesv. R.L.R., 743 So.2d 495 (Ala.Civ.App. 1999), a court having jurisdiction over proceedings to enforce an earlier child-support judgment is "without authority to `waive' the imposition of statutorily-imposed postjudgment interest" upon such child-support judgments. 743 So.2d at 499; see alsoState ex rel. State Dep't of Human Resources v. Orr, 635 So.2d 1, 2-3
(Ala.Civ.App. 1993).
We conclude that the trial court erred in waiving interest on any child-support arrearage owed by the employee; we reverse that portion of its judgment, and remand for entry of a judgment consistent with this opinion. However, we affirm the trial court's judgment in all other respects.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Yates, Monroe, Crawley, and Thompson, JJ., concur.