MURDOCK, Justice.
In December 2008, the State of Alabama, on behalf of W.M.E., filed a contempt petition against G.C. in the Montgomery Circuit Court. The petition alleged that G.C. was in arrears on his child-support obligation under an April 1998 judgment. The principal amount of the alleged child-support ar-rearage was $27,791.29; the alleged accumulated interest was $25,209.29. The petition requested that the circuit court “reduce the arrearage[] to a judgment with interest and order payments thereon” and that it award such other relief to which W.M.E. was entitled.[1]
*594 The circuit court conducted an ore tenus proceeding on the State’s petition. At the hearing, G.C., who earned approximately $1,200 per month, “agreed” that he owed $27,791.29 as child-support arrearage and that he could pay $150 per month toward the arrearage. G.C. objected, however, to the evidence offered by the State concerning the amount of interest that had accrued on his past-due child-support payments. The circuit court sustained G.C.’s objection. As for G.C.’s obligation to pay interest that would accrue prospectively, the following colloquy occurred:
“[ATTORNEY FOR STATE]: I will just say that he’s going to accrue interest at one percent every month on the unpaid balance.[2] And if he does not pay an amount sufficient enough to cover the interest, he will accrue interest— he will continue to accrue interest. The State would ask that his payments be large enough so that it covers the interest — the monthly interest.
[[Image here]]
“... [T]o keep [G.C.] from accruing interest, it would seem that a minimum of $280 would do that, because it’s about $28,000 that he owes.
“THE COURT: Well, it would seem that that would probably keep [G.C.] from eating as well. Financial hardship is something that, in this day and time and particularly this economy, that the State ought to consider. Now, he owes money, and I understand that. But I am not, sitting here in a court of equity, going to order a man to pay such an amount....
[[Image here]]
“... [I]f this is what [G.C.] is earning now, I can’t force him to pay more than he can pay to sustain his own needs.
[[Image here]]
“... With that said, if $150 is the best you can do, then you’re going to be obligated for $150 a month starting July 1. If you can do better than that, the faster you pay it, the faster you don’t have to pay it anymore.”
In October 2009, the circuit court entered a judgment against G.C. and in favor of W.M.E. in the amount of $27,791.29 for child-support arrearage. The judgment ordered G.C. to pay $150 per month “toward the [j]udgment until such time as the $27,791.29 [j]udgment is satisfied.” The judgment also stated:
“While child support becomes a judgment when due and unpaid, the Court believes that, in equity and in light of facts and circumstances in this case, that it is equitable to waive interest on this considerable sum of money in an effort to insure that [G.C.] fully pays the child support obligation.... To impose interest at this time would cause an extreme financial hardship to [G.C.].”
The State filed a postjudgment motion, contending, in part, that the circuit court erred by refusing to admit the evidence that it had offered concerning the interest *595 on G.C.’s past-due child-support payments and that it erred by purporting to waive “interest that [G.C.] owed for child-support arrears.” The postjudgment motion included a discussion of the well settled law that “installments for support become final judgments as of the date they become due ... [and] that such judgments ... bear interest from due date.” Osborne v. Osborne, 57 Ala.App. 204, 206, 326 So.2d 766, 767 (Ala.Civ.App.1976). See, e.g., State ex rel. Pritchett v. Pritchett, 771 So.2d 1048, 1051 (Ala.Civ.App.2000); see also Rochelle v. Rochelle, 235 Ala. 526, 529, 179 So. 825, 829 (1938) (“[Ijnterest should be added to the amount of each installment to the extent it was not paid, calculated until it is paid, and include such amounts as became due after the above date, and which are not paid.”). The State’s postjudgment motion was denied by operation of law. See Rule 59.1, Ala. R. Civ. P.
The State appealed to the Court of Civil Appeals, which affirmed the circuit court’s decision without issuing an opinion. State ex rel. W.M.E. v. G.C. (No. 2090189, May 7, 2010), 73 So.3d 596 (Ala.Civ.App.2010) (table). In its brief to the Court of Civil Appeals, the State again discussed well settled principles of law concerning the mandatory nature of interest on past-due child-support payments. The State concluded its argument as follows:
“The trial court erred when it waived interest that had accrued on the child support arrears. Child support is considered a final judgment every month as it comes due. Per Ala.Code [1975, §] 8-8 — 10[,] past due child support payments accrue interest at the statutory rate of twelve percent. Further the State is entitled to interest on its arrears. A trial court enforcing a child support judgment has no authority to waive interest on child support arrears.”
(Emphasis added.)[3]
The State filed an application for rehearing; the Court of Civil Appeals overruled the application.
The State filed a petition for a writ of certiorari, arguing that the circuit court erred by waiving interest as to G.C.’s child-support arrearage. We granted the petition to consider only “whether the decision of the Court of Civil Appeals is in conflict with precedent concerning the waiver of postjudgment interest, specifically, interest that might accrue on the $27,791.29 principal amount of child-support arrearage after the entry of the ... judgment.”[4]
The question whether a court has the power to waive postjudgment interest is a question of law. Thus, our review is de novo. George v. Sims, 888 So.2d 1224, 1226 (Ala.2004).
The Court of Civil Appeals held in State ex rel. Pritchett:
“ ‘It is well settled that child support payments become final judgments on *596 the day they are due and may be collected as any other judgment is collected; ... that payments that mature or become due before the filing of a petition to modify are not modifiable; and that a trial court has no power to forgive an accrued arrearage.’ Ex parte State ex rel. Lamon, 702 So.2d 449, 450-51 (Ala.1997). Moreover, as we recently noted in State Dep’t of Human Resources v. R.L.R., 743 So.2d 495 (Ala.Civ.App.1999), a court having jurisdiction over proceedings to enforce an earlier child-support judgment is ‘without authority to “waive” the imposition of statutorily-imposed postjudgment interest’ upon such child-support judgments. 743 So.2d at 499.”
771 So.2d at 1051.
We conclude that the circuit court erred when it ordered a waiver of the interest that otherwise would accrue prospectively on the $27,791.29 judgment for child-support arrearage. The fact that G.C. might not have the ability to make monthly installment payments that equal or exceed the postjudgment interest as it accrues does not make a waiver of post-judgment interest legally permissible. Instead, the law requires that interest continue to accrue on the unpaid principal balance. Ala.Code 1975, § 8-8-10 (“all other judgments shall bear interest at the rate of 12 percent per annum”); State Dep’t of Human Res. v. R.L.R., 743 So.2d 495, 498 (Ala.Civ.App.1999) (judgment for past-due child support bears interest at 12 percent per annum); see also Ala.Code 1975, § 8-8-11 (“In the case of a judgment for child ... support, any partial payment shall be applied first to the principal, and the remaining balance, if any, shall be applied to the interest.”).[5]
The judgment of the Court of Civil Appeals is reversed and this cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and STUART, BOLIN, PARKER, SHAW, MAIN, and WISE, JJ„ concur.
WOODALL, J., concurs specially.

. Pursuant to the Child Support Act of 1979, Ala.Code 1975, § 38-10-1 et seq., a recipient *594 of aid from certain social-welfare programs assigns his or her right to collect child support to the State Department of Human Resources, and "[t]he department shall be sub-rogated to the right of such child or recipients ... to collect and receive all child support payments and to initiate any support action existing now or in the future under the laws of Alabama." Ala.Code 1975, § 38-10-4.

2. See Ala.Code 1975, § 8-8-10 ("Judgments for the payment of money, other than costs, if based upon a contract action, bear interest from the day of the cause of action, at the same rate of interest as stated in said contract; all other judgments shall bear interest at the rate of 12 percent per annum.”); see also, e.g., State Dep’t of Human Res. v. R.L.R., 743 So.2d 495, 498 (Ala.Civ.App.1999) (judgment for past-due child support bears interest at 12 percent per annum).

. Although the State's argument to the Court of Civil Appeals focused primarily on the circuit court's refusal to award interest that had already accrued, its discussion of the correct principles of law concerning interest; its argument that the circuit court erred when it purported to waive interest (which the circuit court clearly intended to have prospective effect); and its contention that it was entitled to interest, sufficiently raised the issue whether the circuit court erred when it purported to waive interest on a prospective basis.

. We declined to grant certiorari review as to the issue whether the circuit court erred in failing to award interest on any monthly child-support payments due before trial because it appears that the circuit court declined to award such interest based upon a failure of proof, not upon a discretionary decision by the circuit court to waive such interest.

. Waivér of interest is an issue distinct from the issue whether a court properly might refuse to order a parent to make monthly installment payments that exceed his or her financial ability to pay. Cf. Patterson v. Gartman, 439 So.2d 171, 173 (Ala.Civ.App.1983) ("Inability to comply with a child support decree or noncontumacious failure to so comply, if proven to the court’s satisfaction, will avoid a finding of contempt.”).