THOMAS, Judge.
Kathryn Drey f/k/a Kathryn Petersen ("the former wife") and Bendt W. Petersen ("the former husband") were divorced by a judgment entered by the Mobile Circuit Court ("the trial court") in 2005. Pursuant to the parties' divorce judgment, the former husband was required to pay the former wife $400,000 on or before May 20, 2005, and an additional $66,667 per year thereafter for several years as a property settlement. The parties have three children, Elizabeth, Margaret, and Lauren, all of whom attended private school at the time of the divorce but are now adults, and, pursuant to the 2005 divorce judgment, the former husband was responsible *1103 for the payment of their private-school tuition. Pursuant to a 2010 modification judgment, the former husband was required to pay $2,500 per month for 24 months toward Elizabeth's college expenses and $1,750 per month for 48 months toward Margaret's college expenses; in 2012, the former husband was made responsible for Lauren's college expenses in the amount of $30,000 per year.
The former husband has a history of failing to timely pay the obligations due under the divorce judgment and the modification judgments. The former wife has, on numerous occasions, resorted to garnishment proceedings to enforce the former husband's monetary obligations under the 2005 divorce judgment and the modification judgments. In May 2012, the former wife filed, and the clerk issued, three garnishments in which she sought to recover $13,841.95 in past-due postminority educational support and associated interest for Elizabeth, $10,603.75 in past-due postminority educational support and associated interest for Margaret, and $17,282.31 for amounts due on the late payment of the 2009 property-settlement payment. In September 2012, the former wife filed, but the clerk did not issue, garnishments seeking to collect $30,000 in past-due postminority educational support for Lauren, $2,530 in past-due postminority educational support for Elizabeth, $4,961.53 for amounts due on the late payment of the 2007 property-settlement payment, $4,793.75 for amounts due on the late payment of the 2012 property-settlement payment, and $32,456.08 for 2006 private-school tuition and associated interest. Pursuant to direction from the trial court, the former wife prepared, but did not file, a garnishment seeking $132,563.91 in amounts due on the late payment of the 2005 property-settlement payment.
In January 2014, the trial court suggested and the parties agreed to submit the calculation of the amount due to the former wife to a special master. The trial court issued an order of reference to the special master in which the special master was ordered to "determin[e] the amount, if any, that [the former husband] owes to [the former wife] pursuant to prior orders of this court," noting "the difficulty in computing the amount owed ... and resolving the issue of the number of garnishments filed by [the former wife], and the monies owed that would be subject to garnishment." After lengthy proceedings during which the former husband and the former wife submitted documentary evidence and argument, but no testimony, to the special master, the special master issued his report on March 7, 2017. In that report, the special master determined the amount the former husband owed in past-due postminority educational support for each child. In addition, the report stated that "the only amount owed to the [former wife] for property settlement is due from a payment which was due on May 20, 2009.... Although amounts were paid, they were paid after they were due, and ... the interest due through February 28, 2017, totals $30,674.84." However, the special master's report did not address the amounts due to the former wife relating to the late payment of the 2012, 2007, and 2005 property-settlement payments or the amount she claimed was due for the 2006 private-school-tuition payment.
The trial court ordered the parties to file briefs regarding their positions on the report of the special master. In her brief, the former wife specifically challenged the special master's failure to address those amounts she claimed to be owed relating to the 2012, 2007, and 2005 property-settlement payments and the 2006 private-school-tuition payment. After a hearing, the trial court entered a judgment on August *1104 25, 2017, adopting the special master's report. The trial court amended that judgment by order entered on August 30, 2017, and by order entered on September 19, 2017. In its judgment, as amended by the September 19, 2017, order, the trial court awarded the former wife $30,664.84 for the 2009 property-settlement payment, $14,848.84 for Margaret's past-due postminority educational support, $18,343.93 for Elizabeth's past-due postminority educational support, and $50,100 for Lauren's past-due postminority educational support. Like the special master's report, the trial court's judgment was silent regarding the amounts the former wife complained were due her related to the 2012, 2007, and 2005 property-settlement payments and the amount she claimed was due for the 2006 private-school-tuition payment. The judgment also awarded the former wife attorney fees, condemned all money in the possession of the clerk's office, and ordered the disbursement of those funds to the former wife's attorney. Finally, the judgment "dismissed ALL garnishments." The former wife filed a timely appeal to this court.
On appeal, the former wife challenges several aspects of the trial court's judgment. She argues that the trial court erred by failing to award her the sums that she complained were due from the former husband related to the 2012, 2007, and 2005 property-settlement payments and the amount she claimed was due for the 2006 private-school-tuition payment. She contends that the trial court lacked the ability to amend its August 25, 2017, judgment. She also contends that the trial court erred by dismissing all garnishments and by entering a new series of judgments. The former husband, despite requesting two enlargements of time, failed to favor this court with a brief.
We first dispense with the former wife's argument that the trial court was not permitted to amend its August 25, 2017, judgment by its August 30, 2017, and September 19, 2017, orders. She contends that the trial court could have amended its judgment only by complying with either Rule 59(d), Ala. R. Civ. P., or Rule 60(a), Ala. R. Civ. P. We need not discuss the applicability of those rules, however, because the former wife is incorrect. "A trial court has the authority to alter, amend, or vacate a judgment on its own motion within 30 days after the entry of that judgment." Ex parte DiGeronimo, 195 So.3d 963, 968 (Ala. Civ. App. 2015) (citing Pierce v. American Gen. Fin., Inc., 991 So.2d 212, 215 (Ala. 2008) ). Both the August 30, 2017, and the September 19, 2017, orders were entered within 30 days of the trial court's original August 25, 2017, judgment. Thus, the trial court's August 30, 2017, and September 19, 2017, orders were proper amendments of the original judgment, and we find no basis for voiding the judgment, as amended by the September 19, 2017, order.
The former wife next argues that the special master and the trial court erred by failing to determine that the former husband owed the former wife the amounts that she claimed were due to her related to the 2012, 2007, and 2005 property-settlement payments and the 2006 private-school-tuition payment. As noted above, the parties did not present testimonial evidence to the special master or to the trial court. Instead they submitted to the special master portions of transcripts from earlier hearings before the trial court, various orders and judgments of the trial court, and other documentary evidence that each contended supported their positions on the amounts owed to the former wife. Thus, our review of the judgment of the trial court is de novo.
*1105 McCreless v. Valentin, 121 So.3d 999, 1002 (Ala. Civ. App. 2012) (quoting Phillips v. Knight, 559 So.2d 564, 567 (Ala. 1990) ) (" 'We review the evidence presented in the record before us without any presumption of correctness, due to the trial judge's having taken no oral testimony.' ").
The 2012 Property-Settlement Garnishment
In the proceedings before the special master, the former husband challenged the former wife's proposed garnishment related to the 2012 property-settlement payment solely on the ground that the former wife had used the wrong rate of postjudgment interest in calculating the total amount due to be garnished.[1] That is, the former husband admitted that he had not timely paid the 2012 property settlement to the former wife. In her response to the report of the special master, the former wife corrected her computations to reflect the proper interest rate. As the former wife correctly posits, the evidence supports the conclusion that she is due the correct amount of interest on the late 2012 property-settlement payment. Therefore, we agree that the trial court erred by failing to recognize the former wife's right to the amounts she is due from the former husband related to the late 2012 property-settlement payment.[2]
The 2007 Property-Settlement Garnishment
The record reflects that in 2007 the former husband failed to pay the property-settlement payment due under the divorce judgment until either December 31, 2007, or January 2, 2008. The former husband challenged the former wife's garnishment seeking amounts due on the late 2007 property-settlement payment, arguing that, during 2007, "the parties were engaged in a dispute about when the property settlement [payment] was due each year" and stating that "the judgment of divorce was not clarified on this point until [the trial court's] order of January 8, 2009." Thus, the former husband's objection to the garnishment concludes, "it is not appropriate to penalize the [former husband] for interest on a sum which, at that time, was not due until the end of the calendar year."
Indeed, as the former husband contends, the trial court's January 8, 2009, order indicates that "payments pursuant to all property settlements hereinbefore ordered by this court are due on May 20th of each year." However, as the former wife points out, a reading of the original 2005 divorce judgment supports the conclusion that the January 8, 2009, judgment did not alter the date upon which the property-settlement payments were due, but merely reiterated that date to settle the dispute between the parties. As noted above, the former husband has failed to provide this court with a brief, and we have found no authority provided by the former husband in the record supporting a conclusion that the former husband's mistaken belief regarding the date that the property-settlement payment was due would relieve him of the duty to have paid the 2007 property-settlement payment on time, see, general ly *1106 , Gray v. Bain, 164 So.3d 553, 564 (Ala. 2014) (Per Murdock, J., with two Justices concurring and two Justices concurring in the result) (explaining that, "although a mutual mistake of fact will permit a court to reform or rescind a binding settlement agreement, a unilateral mistake does not justify such relief"), or from the accrual of postjudgment interest on his late payment of that property-settlement payment. See Ala. Code 1975, § 8-8-10(a) (stating that money judgments bear interest and setting out the applicable rate); Morgan v. Morgan, 445 So.2d 297, 299 (Ala. Civ. App. 1983) (explaining that, "if one of the yearly installments is not paid when due, interest would accrue from its due date and until paid").
The former husband's objections to the former wife's proposed garnishment relating to the amounts due her on the late 2007 property-settlement payment are legally insufficient to prevent the former wife from being entitled to collect those amounts. The former husband's failure to timely pay the 2007 property settlement resulted in the accrual of interest on that judgment as of the date it became due. Morgan, 445 So.2d at 299. Thus, we conclude that the trial court erred in failing to determine that former wife was entitled to the amounts due her on the late 2007 property-settlement payment.
The 2005 Property-Settlement Garnishment
According to the former wife, the former husband also challenged before the special master the amounts the former wife sought to collect related to his late payment of the 2005 property-settlement payment. She says that the former husband contended before the special master that a July 17, 2006, judgment of the trial court waived the former wife's right to postjudgment interest on the late 2005 property-settlement payment. The July 17, 2006, judgment addressed the 2005 property-settlement payment by determining the amount still due the former wife after deducting sums that the former wife had received through certain garnishments. That judgment specifically ordered the former husband to pay, among other sums, $241,127 to satisfy the 2005 property-settlement obligation of $400,000. The July 17, 2006, judgment did not address postjudgment interest, much less indicate that such interest was waived. Furthermore, because the former husband had yet to extinguish the $400,000 obligation to the former wife, the amount of interest due her could not have been computed at that time. Even if the judgment had indicated that postjudgment interest had been waived, we note that a trial court lacks the authority to waive the imposition of postjudgment interest. See § 8-8-10 ; State ex rel. W.M.E. v. G.C., 73 So.3d 593, 596 (Ala. 2011) (concluding, in an appeal involving a child-support arrearage, that a trial court cannot waive interest due under § 8-8-10 ); Morgan v. Morgan, 445 So.2d at 299 ; see also Diggs v. Diggs, 910 So.2d 1274, 1279 (Ala. Civ. App. 2005) (applying Morgan ). Accordingly, the former wife is entitled to collect the amounts due her for the late payment of the 2005 property-settlement payment.
The Private-School-Tuition Garnishment
The former wife also sought to recover amounts related to what she alleged was the former husband's failure to pay the Spring 2006 private-school-tuition payment. She contends in her response to the report of the special master that
"it is undisputed that the money used to satisfy [the former husband's private-school-tuition] obligation [for Spring 2006] came from money garnished toward payment of [the former husband's] 2005 property-settlement arrearage....
*1107 The clerk's office mistakenly included funds used to satisfy [the former husband's private-school-tuition] obligation as part of the total garnishments for the 2005 property settlement payment. Both parties and the court then mistakenly relied upon and included the clerk's erroneous calculations in determining the amount outstanding for the 2005 property settlement payment as reflected in the July 17, 2006, order.
"Consequently, the [former husband] received a credit against his 2005 property settlement arrearage for the amount used to satisfy his Spring 2006 [private-school-tuition] obligation...."
Based on the above argument, the former wife contends that she is entitled to an amount equal to the 2006 private-school-tuition payment plus accrued interest. We cannot agree. The July 17, 2006, judgment, which sets out the calculation of the unpaid balance of the 2005 property-settlement obligation of $400,000, recites that it incorporates an agreement of the parties. The former wife admits that, in July 2006, the parties made a mutual mistake of fact in calculating the amount the former husband, through certain garnishments, had paid toward the 2005 property-settlement payment. That mistake, in effect, reduced the former husband's 2005 property-settlement arrearage by subtracting from that arrearage funds that the former wife had garnished to satisfy the former husband's 2006 private-school-tuition obligation. The July 17, 2006, judgment memorializes that mistake.
However, the former wife cannot now collaterally attack the July 17, 2006, judgment by seeking a new judgment for the 2006 private-school-tuition payment (plus accrued interest) or through garnishment of the former husband's wages to "erase" the credit given to him in the July 17, 2006, judgment. The only remedy available to the former wife was to seek relief from the July 17, 2006, judgment pursuant to Rule 60(b)(1), Ala. R. Civ. P., which allows a trial court to set aside a judgment for, among other things, a mistake of fact. See Dow-United Tech. Composite Prods., Inc. v. Webster, 701 So.2d 22, 24 (Ala. Civ. App. 1997) (indicating that Rule 60(b)(1) allows a trial court to set aside a judgment entered on a settlement agreement based on a mutual mistake of fact). Of course, such a motion must be filed within four months of the entry of the challenged judgment, and the time for challenging the July 17, 2006, judgment has long since expired. See Rule 60(b) ; see also Bates v. Stewart, 99 So.3d 837, 853 (Ala. 2012) (indicating that, even under Rule 60(b)(6), a judgment should not be disturbed eight years after its entry). Therefore, we conclude that the trial court correctly determined that the former wife was not entitled to collect from the former husband the amount she alleged was due for the 2006 private-school-tuition payment.
The Dismissal of the Garnishments and the Entry of New Judgments
The former wife next argues that the trial court erred by dismissing "all garnishments" and by entering new judgments for the amounts owed by the former husband for the past-due postminority educational support and the late 2009 property-settlement payment. The former wife correctly notes that she was not required to have the amount of the former husband's unpaid obligations calculated and reduced to a new judgment before she could seek to garnish his wages to satisfy his obligations. See Moore v. Moore, 160 So.3d 325, 327 (Ala. Civ. App. 2014) (explaining that past-due installments of support become judgments on the date they are due and that they may be collected through garnishment proceedings without need of a new judgment); see also *1108 Willey v. Willey, 203 So.3d 875, 878 (Ala. Civ. App. 2016) (quoting Johnson v. Johnson, 191 So.3d 164, 172 (Ala. Civ. App. 2015) ) (" '[E]ach installment of periodic alimony awarded in a final judgment creates a final judgment on the date the obligation is due.' "). The trial court determined that the former wife was owed the amounts she requested for past-due postminority educational support and the late 2009 property-settlement payment. In this opinion, we have concluded that the former wife is also due the amounts she claimed for the late payment of the 2012, 2007, and 2005 property-settlement payments. Because the former husband owes the amounts sought in the former wife's several garnishments,[3] other than the garnishment relating to the 2006 private-school-tuition payment, and because the former husband has not claimed any exemptions from garnishment, we conclude that the trial court erred in dismissing the former wife's garnishments regarding those amounts. See Rule 64B, Ala. R. Civ. P. (indicating that a trial court shall dismiss a garnishment when the plaintiff fails to contest the defendant's claim of exemption). In addition, because the obligations of the former husband became judgments on the date they became due, we find no reason for the entry of a new judgment on the amounts due the former wife for postminority educational support for the children or for the late 2009 property-settlement payment. The former wife should be permitted to garnish the former husband's wages to collect those amounts due her, so the garnishments for the amounts due for postminority educational support and for the 2012, 2009, 2007, and 2005 property-settlement payments should be reinstated. The garnishment relating to the 2006 private-school tuition was properly dismissed, and the trial court's judgment dismissing that garnishment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.

The former wife had used the 12% interest rate that applied to judgments entered before September 1, 2011, see Ala. Code 1975, former § 8-8-10, as opposed to the 7.5% interest rate applicable to judgments entered on or after that date. See Ala. Code 1975, § 8-8-10(a).

Because the amounts due to the former wife continue to accrue interest, we will not specifically set out in this opinion the amounts to which the former wife is entitled.

We expect that the former wife will amend the garnishment relating to the late 2012 property-settlement payment to properly reflect the appropriate interest rate as conceded in her response to the report of the special master.