Rel: July 26, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

———————————————

### CL-2023-0319

———————————————

**Jamie B. Crocker**

**v.**

**Brian S. Crocker**

**Appeal from Shelby Circuit Court**
**(DR-22-900263)**

FRIDY, Judge.

Jamie B. Crocker ("the wife") appeals from a judgment of the Shelby Circuit Court ("the trial court") that divorced her and Brian S. Crocker ("the husband"), divided the parties' assets, and awarded her periodic alimony. For the reasons discussed herein, we reverse the trial court's

judgment and remand the cause for further proceedings consistent with this opinion.

Procedural History

In April 2022, the husband sued the wife for a divorce. The wife answered the husband's complaint and pleaded a counterclaim for a divorce. The trial court tried the action on February 9, 2023, and entered a final judgment on April 11, 2023. Among other things, the judgment awarded each party one-half of the funds in an account at America's First Federal Credit Union ("America's First"), divided the parties' other property, and awarded the wife periodic alimony in the amount of $1,000 per month.

On May 11, 2023, the wife filed both a postjudgment motion and a notice of appeal. Among other things, the wife's postjudgment motion asserted that the trial court had erred in awarding the husband one-half of the funds in the America's First account because, she said, that account contained funds that were her separate property. She asserted that those funds were her separate property because, she said, she had received them as part of a settlement of a personal-injury claim against a third party arising out of an automobile accident and the funds constituted

compensation for the pain and suffering that she had sustained. She also asserted that none of the settlement funds had been expended during the parties' marriage.

Pursuant to Rule 4(a)(5), Ala. R. App. P., the wife's notice of appeal was held in abeyance pending a ruling on her postjudgment motion. On August 9, 2023, the trial court entered an order granting the wife's postjudgment motion in part and denying it in part. The only pertinent portion of that order is a provision correcting the name of America's First in the original judgment. Upon the trial court's adjudication of the wife's postjudgment motion, her notice of appeal became effective. See Rule 4(a)(5), Ala. R. App. P.

## Background

The parties married in May 1995 and had one child, who had reached the age of majority before the husband commenced this action. The husband testified that an insurance company employed him as an agent and that he also worked a second, part-time job as a basketball referee. He further testified that he had earned approximately $84,000 per year from his employment as an insurance agent and that he had earned approximately $20,000 per year from his work as a basketball

referee. The husband testified that the source of all but approximately $10,000 of the approximately $115,000 in the America's First account was the wife's settlement of a personal-injury action arising from an automobile accident in which she had been injured. He testified that he did not know the source of the approximately $10,000 in that account that was not part of her settlement and that he had never accessed any of the funds in that account. He admitted that he had not been a plaintiff in the wife's personal-injury action, that he had not asserted any claim in that action, and that the settlement pertained solely to the wife's claim in that action.

The wife testified that she had suffered disabling injuries in an automobile accident in July 2019 and that she had had to cease working in December 2019. She said that she had then begun receiving Social Security disability benefits in the amount of $2,334 per month and disability-insurance benefits in the amount of $2,207 per month. She testified that Social Security had paid her a lump-sum amount for her past lost wages but that she had had to pay that lump-sum amount to her disability-insurance carrier. She said that she had commenced a personal-injury action against a third party seeking recovery for the pain,

4

suffering, and loss of future wages that the accident had caused, that she was the only plaintiff in that personal-injury action, and that she had settled her claim before the trial of her personal-injury action for a net amount of $101,000 after paying her attorney and her medical bills. She testified that the settlement funds were compensation for the pain, suffering, and loss of future wages that the accident had caused. She said that she had deposited the $101,000 in the America's First account. At some point, the wife added the husband, the parties' child, and the wife's mother as joint owners of the America's First account. The wife testified that neither she nor any of the other persons listed as owners on that account had spent any of the money in the America's First account.

The trial court's judgment awarded each of the parties one-half of the funds in the America's First account, stating:

> "7. The Court received testimony from both parties regarding an account held by the Wife at [America's First]. The Wife contends that the same is not part of the marital estate because the contents of the account represent the proceeds from a lawsuit settlement received by the Wife as the result of an automobile accident; however, the evidence demonstrates that these funds were commingled and are marital property subject to division. These funds were, in fact, placed in an account which the Husband is an owner of. The Court hereby awards the Wife one-half of the total amount currently held in the [America's First] account and, likewise,

5

awards the Husband the remaining one-half [of] the total amount currently held in the [America's First] account."

## Standard of Review

An appellate court will presume that a divorce judgment based on ore tenus evidence is correct. See Baggett v. Baggett, 855 So. 2d 556, 559 (Ala. Civ. App. 2003). "Such a judgment will be reversed only where it is unsupported by the evidence so as to be plainly and palpably wrong." Baggett, 855 So. 2d at 559.

## Analysis

The wife first argues that the trial court erred in awarding the husband one-half of the funds in the America's First account. She argues that the undisputed evidence showed that the source of $101,000 of those funds was a personal-injury settlement for her pain and suffering caused by an automobile accident. In Smith v. Smith, 959 So. 2d 1146, 1150 (Ala. Civ. App. 2006), this court adopted the analytic approach for determining whether a personal-injury settlement can be divided between spouses in a divorce. "Under the analytic approach, 'to the extent that its purpose is to compensate an individual for pain, suffering, disability, disfigurement, or other debilitation of the mind or body, a personal injury award constitutes the separate nonmarital property of an injured spouse.'"

6

Smith, 959 So. 2d at 1149 (quoting Hardy v. Hardy, 186 W.Va. 496, 501, 413 S.E.2d 151, 156 (1991)). "[T]he portion of a personal-injury settlement intended to compensate the injured spouse for loss of future wages is deemed to be that spouse's separate property under the analytic approach." Smith, 959 So. 2d at 1149. However, economic losses, such as past wages and medical expenses, which diminish the marital estate, are divisible as marital property when recovered in a personal-injury award or settlement under the analytic approach. See Smith, 959 So. 2d at 1149.

In the present case, both the husband and the wife testified that the source of most of the funds in the America's First account was the wife's personal-injury settlement. The husband testified that the source of all but approximately $10,000 was the wife's personal-injury settlement. The wife testified that the source of $101,000 in the America's First account was her personal-injury settlement; that the settlement funds were compensation for her pain, suffering, and loss of future wages caused by her automobile accident; and that the husband, who was not a plaintiff in her personal-injury action, did not receive any portion of the settlement funds as compensation for loss of the wife's consortium. Under the analytic approach, that evidence established that the wife's

7

settlement funds were her separate property rather than marital property.

The issue then becomes what is the legal effect of the wife's depositing her settlement funds into the America's First account. The trial court found that the settlement funds "were commingled and are marital property subject to division." The record does not contain any evidence indicating the source of the approximately $10,000 to $14,000 that was already in the America's First account when the wife deposited her settlement funds into that account. The trial court apparently assumed that the approximately $10,000 to $14,000 that was in that account before the wife deposited her settlement funds was marital property, but the record does not contain any evidence supporting that finding. The husband testified that he did not know the source of the funds that were in the account before the wife deposited her settlement funds into it, and the wife was not asked about the source of those funds.

Section 5-24-11(b), Ala. Code 1975, applies to bank accounts with multiple owners. That Code section provides:

> "(b) During the lifetime of all parties, an account belongs to the parties in proportion to the net contribution of each to the sums on deposit, unless there is clear and convincing evidence of a different intent. As between parties married to

each other, in the absence of proof otherwise, the net contribution of each is presumed to be an equal amount."

As noted above, in the present case, the undisputed evidence showed that the wife contributed at least $101,000 of the funds in the America's First account by depositing that amount, which she received as a settlement of her personal-injury claim, into the account. That undisputed evidence overcame the presumption that the parties' contribution to the account was equal. Consequently, we conclude that the trial court erred in awarding the husband a portion of the $101,000 contributed to the account by the wife and, therefore, we reverse the trial court's judgment insofar as it divided the parties' property.

The wife also argues that the trial court erred in awarding her only $1,000 per month in periodic alimony and in awarding the husband property of greater value than it awarded her. On appeal, the division of property and the award of alimony are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either issue. See Baggett, 855 So. 2d at 559. Therefore, because we have reversed the trial court's judgment insofar as it divided the parties' property, we must also reverse the trial court's judgment insofar as it determined the amount of the wife's periodic

9

alimony so that, on remand, the trial court can consider both the division of the parties' property and the award of periodic alimony together. Moreover, because we are reversing the judgment's division of the parties' property on other grounds, we do not reach the wife's argument that the trial court erroneously awarded the husband property of greater value than it awarded her.

## Conclusion

We reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Moore, P.J., and Edwards, Hanson, and Lewis, JJ., concur.